UNITED STATES of America,
Appellee,

v.

Brock KOLLER, Appellant.

No. 05–5266.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) Nov. 27, 2006.

Filed: Dec. 1, 2006.

Daryl F. Bloom, Office of United States Attorney, Harrisburg, PA, for Appellee.

Robert J. Daniels, Jr., Abom & Kutulakis, Carlisle, PA, for Appellant.

Before: FUENTES and GARTH, Circuit Judges, and POLLAK, District Judge.[1]

OPINION

GARTH, Circuit Judge.

Appellant Brock Koller appeals from a twelve month sentence he received upon the revocation of a term of supervised release imposed as a result of a prior narcotics conviction. We will affirm.

I.

On July 17, 2002, Koller pleaded guilty in the Western District of Pennsylvania to conspiring to distribute drugs in violation of 21 U.S.C. § 846. Koller was initially sentenced to 37 months' imprisonment and a three-year term of supervised release. However, Koller's term of imprisonment was later reduced to 15 months pursuant to a motion by the government under Fed. R.Crim.P. 35(b).[2] Koller began serving his three-year term of supervised release on May 18, 2004. For reasons that are not

---

1. The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

2. Fed.R.Crim.P. 35(b) provides:
Reducing a Sentence for Substantial Assistance. (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

clear from the record, supervision of Koller's case was subsequently transferred to the Middle District of Pennsylvania.

In October 2004, while in Pittsburgh on approved travel, Koller was arrested and charged with drunk driving. He pleaded guilty in state court. As a result of this incident, his conditions of supervised release on the drug crime were modified to include 50 hours of community service.

On July 5, 2005, Koller was again arrested, this time in Ocean County, Maryland, for driving with a suspended license, driving at an excessive speed, and failing to display his license on demand. Prior to this incident, Koller had requested but had been specifically denied permission to travel to Maryland on three occasions. On the same day, Maryland police notified Koller's probation officer of the arrest. Koller subsequently failed to attend an August 16, 2005 hearing on the charges resulting from the July 5, 2005 traffic stop.

On September 13, 2005, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision against Koller. The Petition cited Koller for violating several conditions of his supervised release, including (1) the defendant shall not commit another federal, state or local crime; (2) the defendant shall not leave the judicial district without the permission of the court or probation officer; (3) the defendant shall report to the probation officer as directed; and (4) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Koller was taken into custody on September 22, 2005.

On November 1, 2005, the district court conducted a supervised release revocation hearing. Koller admitted the violations set forth in the supervised release Petition, and the matter proceeded directly to sentencing. The parties agreed that the guidelines range was three to nine months.

The government asked for an upward departure, to twelve months imprisonment, pursuant to U.S.S.G. § 7B1.4, based upon the fact that Koller's 15 month sentence was "substantially less than the 37 months that he might otherwise have received" if not for the downward departure he initially received as a result of the government's motion pursuant to Fed.R.Crim.P. 35(b). The district court revoked Koller's supervised release and sentenced Koller to twelve months, stating:

> Mr. Koller, I don't know enough about your history to know how it is you came to find yoursef in this place, but it's indeed unfortunate. The records that I have that were transferred here from the Western District do show ... a significant break in your original sentencing in the case.
>
> . . . .
>
> And it's also no secret that these are not just technical violations. You are a flagrant violator, and you haven't shown a lot of respect for the probation office or for the other authorities that are associated with the court.
>
> This is kind of the end of the road. You obviously have some kind of substance abuse problem, an alcohol problem, maybe a drug problem. I don't know because I don't know you. But I do know that you need to get your act together or you're going to be back. I don't really have any choice but to revoke your supervised release.
>
> . . . .
>
> The court finds that the defendant, Brock Koller, has violated the conditions of supervised release and therefore revokes the defendant's term of supervised release.
>
> Pursuant to the Sentencing Reform Act of 1984 and after having considered the policy statements in Chapter 7 of the Sentencing Guidelines, as well as the

factors listed in 18 U.S.C. § 3553, it's the judgment of this court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months.

## II.

We have jurisdiction to review Koller's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). *See United States v. Cooper*, 437 F.3d 324, 328 (3d Cir.2006). We review the sentence imposed by the district court for reasonableness. *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Cooper*, 437 F.3d at 327.

Koller claims that the twelve-month sentence imposed by the district court was unreasonable because, he asserts, the district court failed to properly familiarize itself with Koller's "background and history" as required by 18 U.S.C. § 3553(a). When a district court imposes a longer prison sentence in a revocation of supervised release proceeding, it must consider the now advisory sentencing range under U.S.S.G. § 7B1.4(a)(providing the "range of imprisonment applicable upon revocation"), as well as "state on the record its *general* reasons under section 3553(a) ... for imposing a more stringent sentence." *United States v. Blackston*, 940 F.2d 877, 894 (3d Cir.1991)(emphasis in original).

The district court need not make specific findings with respect to each of the section 3553(a) factors that it considered. *Cooper*, 437 F.3d at 329. Rather, the court must simply give meaningful consideration to the section 3553(a) factors and address any argument raised by a party that has recognized legal merit. *Id.*

We find that the district court adequately complied with these principles. The district court found that Koller had flagrantly violated the conditions of his supervised release by traveling outside the district after being warned three times against doing so; by committing crimes in October 2004 and July 2005; and by failing to report to his parole officer as required. Koller further aggravated these offenses by refusing to provide proper identification at the time of his July 2005 arrest.

The district court also noted that Koller had received a "significant break" with respect to his original sentence, which was reduced from 37 to 15 months for providing substantial assistance in the criminal investigation. The commentary to U.S.S.G. § 7B1.4(a) provides that "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." *Id.* cmt n. 4. This provides yet further support for the district court's moderate upward departure.

Koller cites two statements of the district court to support his argument that the district court failed to adequately consider the section 3553 sentencing factors. Koller argues that the district court's statement "I don't know enough about your history to know how it is you came to find yourself in this place" shows that the district court failed to consider the "history and characteristics of the defendant" as required under § 3553(1). Koller also asserts that the district court wrongly concluded that he "obviously ha[s] some kind of substance abuse problem," when he in fact tested negative for drugs throughout his period of supervision.

Contrary to Koller's contentions, these remarks do not reflect any failure of the district court to adequately familiarize himself with the "nature and circumstances of the offense" or Koller's "history and characteristics." § 3553(a). A complete review of the record shows that the

district court made a fully informed sentencing determination, reaching its decision only after finding that the flagrant nature of the offense, the diminished sentence originally imposed, and Koller's history and background warranted the twelve-month sentence. Upon review we cannot say this sentence was unreasonable.

### III.

The judgment of the district court, revoking Koller's supervised release and imposing a twelve-month sentence will be affirmed.